IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY E. MARTIN, JR.,

                Plaintiff,                OPINION AND ORDER

    v.                                           09-cv-584-bbc

BYRAN BARTOW, Director, Wisconsin
Resource Center (WRC), in his individual and
in his official capacity,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On October 27, 2009, I entered an order denying plaintiff Stanley Martin, Jr. leave to proceed in forma pauperis on a claim that defendant Byran Bartow violated his procedural due process rights in conjunction with a behavior disposition record hearing and I dismissed his complaint for failure to state a claim upon which relief may be granted. Dkt. #9. Plaintiff has now asked the court to reconsider that decision. Dkt. ##11 and 12.

In the dismissal order, I explained that as a person civilly committed under Chapter 980 of the Wisconsin Statutes, plaintiff is not entitled to constitutional due process protections during a behavior disposition record hearing because the consequences imposed would not subject him to an "atypical and significant" hardship or "inevitably affect the

1

duration" of his confinement. Sandin v. Conner, 515 U.S. 472, 484 (1995); Thielman v. Leean, 282 F.3d 478, 483-84 (7th Cir. 2002). Plaintiff first argues that he should have received the same Sixth Amendment rights that convicted criminals receive before being sanctioned, noting that the Wisconsin Resource Center has provided advocates to those inmates and allowed them to call and cross-examine witnesses at their disciplinary hearings. However, what plaintiff fails to recognize is that these inmates also must meet the criteria set forth in Sandin before they are entitled to such rights. For example, if an inmate faces a possible sanction of a lengthy stay in segregation in a supermaximum facility, he may be entitled to due process protections at his hearing. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (conditions in Ohio supermaximum facility sufficiently "atypical and significant" to rise to level of liberty deprivation under Sandin).

Plaintiff alleged in his complaint that his behavior disposition record was used to deny him discharge under Wis. Stat. § 980.07 and increase the duration of his confinement. However, even if plaintiff's disciplinary record hurt his chances of release, due process protections are triggered only when the consequences imposed "inevitably affect the duration" of confinement. Sandin, 515 U.S. at 487. As explained in the previous order, misconduct was only one of various factors that may have influenced the state court's decision to deny him discharge. Therefore, its affect on plaintiff's continued confinement was not certain or unavoidable, as required under Sandin.

2

On a related note, plaintiff asserts that I incorrectly understood him to be challenging only the effect that his disciplinary record had on his recent annual reevaluation under Wis. Stat. § 980.07, and not the sanctions that he received as a result of the disciplinary hearing. However, even if that was the case, the sanctions that plaintiff received—the loss of electronics, a cut in his institutional pay, curfews, no microwave use, limited library use, limited activities and no toll free calls—do not rise to the level of atypical and significant hardship under Sandin and, therefore, are not the type of deprivations that trigger due process protections.

In an alternative argument, plaintiff appears to contend that subjecting him to the same due process standard as inmates who have been criminally convicted renders his confinement punitive. In support, he cites Kansas v. Hendricks, 521 U.S. 346 (1997), in which the Supreme Court set forth the differences between individuals who are serving prison sentences as punishment for committing a crime and individuals who have been involuntarily confined under a sexual predator statute. Plaintiff asserts that as a *civilly* committed person, he should have more rights than criminals whose conditions of confinement are designed to punish. However, as plaintiff recognizes, the Court of Appeals for the Seventh Circuit rejected a similar argument in Thielman, 282 F.3d at 483-84:

> The entire premise of Wisconsin's sexually violent person commitment scheme is that a patient is not confined as punishment for his earlier criminal behavior. Nonetheless,

3

> facilities dealing with those who have been involuntarily committed for sexual disorders are "volatile" environments whose day-to-day operations cannot be managed from on high. Cf. Youngberg v. Romeo, 457 U.S. 307, 321-24, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (extending "professional judgment" standard to substantive due process claim brought by involuntarily committed mental patient and noting that such a presumption was "necessary to enable institutions of this type—often, unfortunately, overcrowded and understaffed—to continue to function"). Moreover, even though Thielman is not formally a prisoner, his confinement has deprived him (legally) of a substantial measure of his physical liberty. Sandin teaches that any person already confined may not nickel and dime his way into a federal claim by citing small, incremental deprivations of physical freedom. Sandin's reasoning applies with equal force to persons confined under Chapter 980. In order to state a procedural due process claim deriving from state law, Thielman must identify a right to be free from restraint that imposes atypical and significant hardship in relation to the ordinary incidents of his confinement.

Although I understand that plaintiff disagrees with the holding in Thielman, the court of appeals has reasoned that punitive effects such as those plaintiff complains about are too minor to trigger due process concerns. Lieberman v. Budz, 2009 WL 1437609, *8 (N.D. Ill. May 20, 2009) (noting same). "[T]here is a vast difference between punishing an individual for a crime of which he has not been convicted and imposing sanctions for violations of institutional rules." Clark v. Taggart, 2007 WL 1655160, *3 (E.D. Wis. June 6, 2007). The Supreme Court has recognized explicitly that "'maintaining institutional security and preserving internal order and discipline are essential goals that may require

4

limitation or retraction'" of constitutional rights and has never held that individuals who are civilly detained may not be punished for violating the rules of the institution in which they are confined. Id. (quoting Bell v. Wolfish, 441 U.S. 520, 546 (1979)).

In a supplement to his motion for reconsideration, plaintiff attempts to distinguish Thielman on the ground that in that case the plaintiff was asking to be able to be transported without restraints, which raised a legitimate security concern, whereas he only seeks more protective procedures at a disciplinary proceeding. In support, plaintiff cites Wilkinson, 545 U.S. at 223, in which the Supreme Court noted that federal courts of appeals "have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system." However, that issue is of little import in this case. As explained above, the minor sanctions that plaintiff received are not atypical and significant whatlever the baseline. Id.

Finally, plaintiff asks that this court apply the three-part test outlined in Mathews v. Eldridge, 424 U.S. 319 (1976), for evaluating the sufficiency of particular procedures. However, the Supreme Court has made clear that the first inquiry in a due process challenge is whether there has been a deprivation of a protected property interest. Id. at 332; see also U.S. Const. amend. XIV ("nor shall any State deprive any person of life, liberty, or property, without due process of law"). Only after finding a deprivation of a protected interest does a court inquire whether the state's procedures comport with due process. Id.

5

ORDER

IT IS ORDERED that plaintiff Stanley Martin's motions for reconsideration of the October 27, 2009 order, dkt. ##11 and 12, are DENIED.

Entered this 19th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge